FILED
2020 DEC 10
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMISON J. BROWN,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | Case No. 2:16-cv-00758-DBP<br><br>MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is attorney Howard D. Olinsky's (Plaintiff's Counsel) Petition for an award of Attorney Fees pursuant to 42 U.S.C. §406(b) based upon the contingency fee agreement between Plaintiff and Plaintiff's Counsel. (ECF No. 32.) The court will deny the request, finding the proposed "effective hourly attorney rate [of] $1,246.40", to be unreasonable.

## BACKGROUND

On June 24, 2016, Plaintiff Jamison J. Brown hired Plaintiff's Counsel to represent his claims on a contingency fee basis against the Social Security Administration for denial of disability insurance benefits. Plaintiff and Plaintiff's Counsel agreed that the contingency fee would be 25 percent of past-due benefits awarded as a result of Plaintiff's claims. (ECF No. 32-2 p. 2.)

On May 12, 2017, the court granted Defendant's unopposed motion to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF No. 27.) On August 22, 2017, Plaintiff's Counsel was awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $5,918.24. (ECF No. 31.) Thereafter, the Social Security Administration awarded Plaintiff $153,656.00 in past due benefits, and Plaintiff's Counsel filed

the instant motion seeking the court's authorization for attorney's fees under 42 U.S.C. §406(b). Defendant does not oppose the motion. (ECF No. 34.)

## DISCUSSION

A district judge "must independently assess the reasonableness" of the terms in a contingency fee agreement. *Gisbrecht v. Barnhart*, 535 U.S 789, 808 (2002) (quotation omitted). All fee decisions "are committed to the district court's sound discretion." *McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006).

Attorney fees under 42 U.S.C. §406(b) are awarded from the claimant's past-due benefits, capped at 25 percent of the total of the past-due benefits, and must be reasonable. 42 U.S.C. §406(b). In this case, the Social Security Administration awarded Plaintiff $153,656.00 and Plaintiff's Counsel seeks authorization for fees in the amount of $32,414.00. (ECF No. 32-1.)

Plaintiff's Counsel's request does not exceed the 25 percent threshold.[1] The court, however, is concerned with the effective hourly attorney rate of $1,246.40, finding it unreasonable. Section 406(b) "calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases," and to guard against windfalls for lawyers. *Gisbrecht v. Barnhart*, 535 U.S.789, 807-08 (2002). A § 406(b) determination "must begin with the contingent fee", then other items may be considered such as a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" or considerations relevant to the lodestar. *Russell v. Astrue*, 509 F. App'x 695, 697, 2013 WL 363478, at *2 (10th Cir. 2013).

---

[1] A quarter of the past-due benefits is $38,414.

There is not a bright line standard for exactly what amount is a reasonable fee. There is, however, some guidance from other courts in this jurisdiction. See *Gulbransen v. Colvin*, 2015 WL 1896559, at *2 (D. Utah Apr. 27, 2015) (granting fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable"); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir.2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir.2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir.2008) (finding that the district court did not abuse its discretion when determining that the "effective $442 hourly rate would be a windfall for obtaining a voluntarily remand in a substantively easy and routine case").

Here, the matter was remanded on an unopposed motion by Defendant. There was no responsive brief filed by Defendant or any reply filed by Plaintiff. In sum, an opening brief was filed, and then shortly thereafter, the unopposed motion to remand was granted. Plaintiff's counsel seeks an award of $32,414.00 for an effective attorney hourly rate of $1,246.40.[2] Such an hourly rate is unreasonable for this substantively easy and routine case. The Supreme Court has specifically directed that "if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment [of counsel's contingent fee] is ... in order." *Gisbrecht*, 535 U.S. at 791. Such an adjustment is warranted here.

---

[2] Plaintiff's agency representative will be requesting $6,000.00 under 406(a) fees for representation at the post-litigation hearing, not Plaintiff's counsel that is making the instant request.

To help determine a proper hourly rate the court ORDERS Plaintiff's counsel to provide a statement of his normal hourly billing charge for noncontingent-fee cases. *Russell*, 509 F. App'x at 697 ("a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may be required "as an aid to the [district] court's assessment of the reasonableness of the fee yielded by the fee agreement") (quotations and citation omitted). Plaintiff's counsel is also to provide a lodestar analysis of normal hourly rates charged in the Salt Lake City area for similar work. Plaintiff's counsel may then renew this motion with those items included as part of a revised hourly rate request.

ORDER

For the reasons mentioned above, the court finds Plaintiff's Counsel's Motion for Attorney Fees unreasonable. Therefore, the motion is DENIED. Plaintiff's Counsel may renew the request with additional information as outlined above.

IT IS SO ORDERED.

DATED this 10 December 2020.

_____
Dustin B. Pead
United States Magistrate Judge