FILED
2021 JAN 13 AM 11:37
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMISON J. BROWN,<br><br>             Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of the Social Security<br>Administration,<br><br>             Defendant. | Case No. 2:16-cv-00758-DBP<br><br>MEMORANDUM DECISION AND<br>ORDER GRANTING MOTION FOR<br>ATTORNEY FEES<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is attorney Howard D. Olinsky's (Plaintiff's Counsel) Second Motion for Attorney Fees pursuant to 42 U.S.C. §406(b), based upon the contingency fee agreement between Plaintiff and Plaintiff's Counsel. (ECF No. 36.) The court denied the initial request in the amount of $32,414.00, finding it unreasonable due to the amount of work performed, and the effective hourly attorney rate of $1,246.40. The new request seeks $18,878.00, with an effective hourly rate of $711.38, once the paralegal hours are billed at the lessor rate of $100 per hour. The court will grant the motion.

## BACKGROUND

On June 24, 2016, Plaintiff Jamison J. Brown hired Plaintiff's Counsel to represent his claims on a contingency fee basis against the Social Security Administration for denial of disability insurance benefits. Plaintiff and Plaintiff's Counsel agreed that the contingency fee would be 25 percent of past-due benefits awarded as a result of Plaintiff's claims. (ECF No. 32-2 p. 2.)

On May 12, 2017, the court granted Defendant's unopposed motion to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF No. 27.) On

August 22, 2017, Plaintiff's Counsel was awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $5,918.24. (ECF No. 31.) Thereafter, the Social Security Administration awarded Plaintiff $153,656.00 in past due benefits, and Plaintiff's Counsel filed an initial motion, which the court denied. (ECF No. 35.) Plaintiff's Counsel followed with the instant motion, once again seeking the court's authorization for attorney's fees under 42 U.S.C. §406(b). (ECF No. 36.) Plaintiff's Counsel agrees to refund Plaintiff the $5,918.24 in attorney fees already awarded under the EAJA. (ECF No. 36-1 p. 4.) Defendant does not oppose the new motion. (ECF No. 37.)

## DISCUSSION

A district judge "must independently assess the reasonableness" of the terms in a contingency fee agreement. *Gisbrecht v. Barnhart*, 535 U.S 789, 808 (2002) (quotation omitted). All fee decisions "are committed to the district court's sound discretion." *McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006).

Attorney fees under 42 U.S.C. §406(b) are awarded from the claimant's past-due benefits, capped at 25 percent of the total of the past-due benefits, and must be reasonable. 42 U.S.C. §406(b). In this case, the Social Security Administration awarded Plaintiff $153,656.00 and Plaintiff's Counsel now seeks authorization for fees in the amount of $18,878.00. (ECF No. 36-1.)

Plaintiff's Counsel's request does not exceed the 25 percent threshold.[1] Section 406(b) "calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases," and to guard against windfalls for lawyers. *Gisbrecht*, 535 U.S. at 807-08. A § 406(b) determination "must begin with the contingent fee", then other items

---

[1] A quarter of the past-due benefits is $38,414.

may be considered such as a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" or considerations relevant to the lodestar. *Russell v. Astrue*, 509 F. App'x 695, 697, 2013 WL 363478, at *2 (10th Cir. 2013).

There is not a bright line standard for exactly what amount is a reasonable fee. There is, however, some guidance from other courts in this jurisdiction. *See Gulbransen v. Colvin*, 2015 WL 1896559, at *2 (D. Utah Apr. 27, 2015) (granting fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable"); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir.2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir.2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir.2008) (finding that the district court did not abuse its discretion when determining that the "effective $442 hourly rate would be a windfall for obtaining a voluntarily remand in a substantively easy and routine case").

The instant motion now seeks $18,878.00, with an effective hourly rate of $711.38 once the paralegal hours are billed at $100 per hour. Plaintiff's Counsel notes that he "does not have a normal hourly billing rate because all of his cases are contingency cases." (ECF No. 36-1 p. 4.) Plaintiff's Counsel asserts a lodestar analysis of normal hourly rates in Salt Lake City is also not as applicable in the instant matter, because the marketplace for social security representation operates, for the most part, on a contingency fee basis.

The court will authorize an award of $18,878.00 finding it to be more in line with what the court deems reasonable given the circumstances and work in this case. Admittedly, the court

still believes this is at the high end of what is reasonable under the circumstances. However, the court has no reason to find the contingency fee unreasonable in this instance.

CONCLUSION AND ORDER

For the reasons set forth herein, the court finds the requested fee reasonable under the contingency fee agreement. The court authorizes Plaintiff's Counsel to receive $18,878.00 less any payments already made to Plaintiff's Counsel. Because Plaintiff's Counsel is awarded fees under § 406(b) and the EAJA, Plaintiff's Counsel must refund the lessor of the two fees to Plaintiff, which are those already awarded under the EAJA. *Gisbrecht*, 535 U.S. at 796.

It is therefore ORDERED that Plaintiff's Motion (ECF No. 36.) is GRANTED. Plaintiff's Counsel is awarded $18,878.00.

IT IS FURTHER ORDERED that Plaintiff's Counsel pay Plaintiff the previous award under the EAJA of $5,918.24.

DATED this 13 January 2021.

_____
Dustin B. Pead
United States Magistrate Judge